UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MORRIS PEARCE,

           Plaintiff,

-against-

P.O. TIMOTHY FODER, Tax Registry No. 933783, P.O. "JOHN DOES" Nos. 1-6 and THE CITY OF NEW YORK,

           Defendants.

---

CV 07 4946
DEARIE, CH. J.

COMPLAINT AND
JURY TRIAL DEMAND

GO. M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2007 ★
BROOKLYN OFFICE

Plaintiff, MORRIS PEARCE, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seek damages for battery, false arrest and malicious prosecution.

### VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, MORRIS PEARCE, was and is a natural person, resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. TIMOTHY FODER, Tax Registry No. 933783, (hereinafter "FODER") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 1 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 2 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 3 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 4 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 5 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant P.O. "JOHN DOE" No. 6 was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

15. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

16. The individual defendants are sued in their individual capacities as well as in their capacities as employees of defendant CITY OF NEW YORK.

17. On or about January 24, 2007, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim, setting forth the time, place, nature and manner in which said claim arose.

15. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

16. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

18. On or about September 4, 2006, at approximately 9:00 A.M., plaintiff was lawfully present in a grocery store that is located on Nostrand Avenue, between Lefferts Avenue and Sterling Street, in the County of Kings, City and State of New York.

19. As plaintiff was about to make a purchase, his wallet accidentally slipped out of his hand and dropped to the floor of the aforementioned store.

20. Before plaintiff could pick up his wallet, another person who was present in the store kicked the wallet across the floor to a male who picked it up.

21. Both of the aforementioned males immediately fled the store.

22. Plaintiff followed the two thieves outside and became embroiled in a physical altercation with them and with four of their associates.

23. The two thieves proceeded to run from the scene with plaintiff in pursuit.

24. Several marked New York City Police Department motor vehicles arrived on the scene.

25. Plaintiff approached one of the officers who had arrived, informed him that his wallet had been stolen and pointed out the person who had taken it.

26. While plaintiff was speaking to this aforementioned officer, with his left arm extended, the JOHN DOE defendants assaulted plaintiff by grabbing and pulling on his left arm, throwing him to the ground, kneeing him, rear-handcuffing him and pepper spraying him after he was handcuffed.

27. One of the JOHN DOE defendants forcibly pulled plaintiff up by the handcuffs and threw him into one of the aforementioned New York City Police Department motor vehicles.

28. Before plaintiff was fully placed in the rear of the aforementioned police department motor vehicle, one of the JOHN DOE defendants slammed one of the rear doors of the vehicle on plaintiff's left ankle.

29. Plaintiff was transported to the stationhouse of the 71st Precinct.

30. Plaintiff was the only person arrested. Neither the thieves nor any of the persons who had assaulted plaintiff were arrested.

31. Once plaintiff was removed from the aforementioned police department motor vehicle, he was held by one of the JOHN DOE defendants who, being aware that plaintiff had been temporarily blinded by the aforementioned pepper spray, intentionally walked plaintiff into a wall three times as plaintiff was being escorted by him.

32. Plaintiff was kept incarcerated in the stationhouse of the 71st Precinct for approximately two hours.

33. Immediately prior to his release from custody, plaintiff was issued a summons for disorderly conduct by defendant FODER.

34. On or about December 29, 2006, in Criminal Court of the City of New York, County of Kings, the charge against plaintiff was dismissed.

35. The individual defendants violated plaintiff's right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, brutally and severely beat him and humiliated him, falsely placed him under arrest, falsely imprisoned him and maliciously prosecuted him.

36. Because of the aforesaid acts committed by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him

by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur expenses for medical treatment and lost time and income from his employment.

37. By reason of the unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS and THE CITY OF NEW YORK
(Battery)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" hereinabove as if more fully set forth at length herein.

39. On or about September 4, 2006, at approximately 9:00 A.M., at or near the corner of Nostrand Avenue and Lefferts Avenue in the County of Kings, City and State of New York, the individual defendants, without probable cause, offensively touched plaintiff by violently pulling on his left arm, throwing him to the ground, kneeing him, rear-handcuffing him, pepper spraying him, pulling him up by yanking on the aforementioned handcuffs, slamming the door of a police department motor vehicle on his left ankle and, subsequently, at the stationhouse of the 71st Precinct, intentionally walking him into a wall three times.

40. The aforesaid force used by the individual defendants was not reasonable under the circumstances.

41. At the aforesaid time and place the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

42. By reason of the aforesaid battery, committed by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur expenses for medical treatment and lost time and income from his employment.

43. As a result of the aforementioned battery committed upon him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS and THE CITY OF NEW YORK
### (False Arrest and False Imprisonment)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" hereinabove as if more fully set forth at length herein.

45. On or about September 4, 2006, at approximately 9:00 A.M., at or near the corner of Nostrand Avenue and Lefferts Avenue in the County of Kings, City and State of New York, the individual defendants, without probable cause, forcibly, wrongfully and unlawfully arrested plaintiff, and, against plaintiff's own free will, caused him to be incarcerated for approximately two hours.

46. Defendant FODER falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of disorderly conduct.

47. Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement in a New York City Police Department motor vehicle and at the station house of the 71st Precinct.

48. At the time they committed the aforesaid acts of false arrest and false imprisonment, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

49. By reason of the aforesaid false arrest and false imprisonment, committed against him by the individual defendants, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur expenses for medical treatment and lost time and income from his employment.

50. As a result of the aforementioned false arrest and false imprisonment committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>AGAINST DEFENDANT FODER and THE CITY OF NEW YORK</u>
### (Malicious Prosecution)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" hereinabove as if more fully set forth at length herein.

52. On or about September 4, 2006, defendant FODER maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously serving plaintiff with a summons accusing him of disorderly conduct.

53. Defendant FODER was without probable cause to charge plaintiff with having committed disorderly conduct.

54. On or about December 29, 2006, the charge against plaintiff was dismissed in Criminal Court of the City of New York, County of Kings.

55. At the time that defendant FODER falsely and maliciously caused the aforesaid prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

56. By reason of the aforesaid act of malicious prosecution, committed against him by defendant FODER, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, and, as a result, suffered and continues to suffer serious and permanent physical and emotional injuries, incurred and continues to incur expenses for medical treatment and lost time and income from his employment.

57. As a result of the aforesaid act of malicious prosecution, committed against him by defendant FODER, while he was acting within the scope of his

employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant TIMOTHY FODER.

WHEREFORE, plaintiff, MORRIS PEARCE, demands judgment against defendants, P.O. TIMOTHY FODER, Tax Registry No. 933783, P.O. "JOHN DOES" Nos. 1-6, and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

THIRD CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

FOURTH CAUSE OF ACTION: One Million ($1,000,000.00) Dollars. and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant P.O. TIMOTHY FODER.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       November 28, 2007

*/s/ Alan D. Levine*

ALAN D. LEVINE, ESQ. (AL 3634)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
(718) 793-6363
File No. 2052